Our next case is 417-0274. The people of the state of Illinois v. Dale Bell. For the appellant, we have Mr. Dow. Is that correct? Mr. Dow? Okay. And then for the appellee, Mr. Sardinas. You may proceed, counsel. Thank you, Your Honor. May I please report? The record on appeals shows that the trial court revoked Mr. Bell's conditional discharge based on a municipal hearsay. Making its oral findings, the court expressly relied on the out-of-court statement of the neighbor that Mr. Bell was pulling down a door handle. And the court also relied on the out-of-court statement of a bartender that Mr. Bell had been warned to stay off the bar's property in the past. Even if we assume that that error was not properly preserved by trial counsel, it still requires reversal, because relying on an admissible hearsay to revoke conditional discharge amounts to plain error under both opponents. Mr. Dow, just so that I have it clear in my mind in advance of the orals really getting too far along here, or very far along, your argument first is a sufficiency of the evidence argument, and relative to what you're asserting was improper hearsay evidence, for our purposes in determining sufficiency of the evidence, we consider the hearsay evidence along with other admissible evidence in determining if the court's determination was against the manifest weight. Is that right, in terms of how we factor in the hearsay evidence? Yes, Your Honor, but with a caveat, which is that when you're determining what is the natural approach with respect to hearsay testimony, it's not necessarily going to be exactly the same as if the hearsay declarant was in court giving oral testimony. Well, then it wouldn't be hearsay, then. If the out-of-court declarant was in court, that would be direct evidence. Correct, Your Honor. And let me get back to where I was at. The second part of your argument, though, is assuming we find that the evidence was sufficient, it was still improper, it was inadmissible evidence, and then we view it through the lens of the plain error analysis that you set forth in your brief. Is that right? The reversible error or the plain error analysis, one of those two, but yes, Your Honor. Okay. All right. Thank you. Well, from our perspective, though, even if you get the plain error, it has to be plain error under one, if not both, of the prongs. And the reason for that is that under the closely balanced evidence prong, without this hearsay testimony, you either don't have a sufficient case or you have one that's so weak that it has to be closely balanced, and therefore the hearsay amount is a plain error. But also under the second prong, it's fundamentally unfair and results in an unfair proceeding when you rely on hearsay evidence as the basis, inadmissible hearsay evidence, as the basis for revoking someone's conditional discharge and sending that person to prison. So from our perspective, the key issue is actually the sufficiency issue. In other words, we think the question isn't so much should this court reverse, but should it reverse in remand based on the inadmissible hearsay, or should it reverse outright because even giving that hearsay testimony the probative value which is due, it still was not sufficient to establish that Mr. Bell violated the terms of his conditional discharge by committing a criminal offense. So my plan at this point is to discuss what that evidence was and why it was not sufficient. So taking the sufficiency of the evidence part of it and relative to the criminal trespass to real property allegation, if you factor in the bartender's statement to the officer, she indicated that the defendant had been told couldn't be there on the property and he was on the property. What was missing just in terms of sufficiency of the evidence? Well, there are two things that are missing there. The first thing that's missing is even if Mr. Bell had been given proper notice, we still have evidence from both the deputy and the hearsay evidence from the neighbor that Mr. Bell was probably not in his right mind then. He was walking around. He was talking about looking for a federal witness. He was knocking on doors in the middle of the night. And under those circumstances, it's very hard to see how the evidence could prove that he was not only aware of the notice but was just aware of where he was at that time. Because to commit criminal trespass to real property, the defendant has to commit that. It's a knowing offense, so the defendant has to know about the notice and has to know that he is in fact violating the notice by being on the property. But with sufficiency of the evidence question, we are to construe the evidence in the light most favorable to the state. Are you saying that no reasonable person, obviously this was a probation violation hearing so we just have the judge, we don't have the jury, but no reasonable person could find that he did do this knowingly? I think a reasonable person could find, obviously it didn't occur to him that he was there. But no, I don't think it's a reasonable finding, Your Honor, that he knew that he had been given notice to stay off at the parking lot specifically or that he even knew that he was on the parking lot that belonged to the bar at that time in light of the evidence of his mental state. Because when you consider all of the evidence, even when you do it in the light most favorable to the state, that doesn't mean that you ignore evidence that doesn't happen to be favorable to the state. That has to be taken into account, whether we're evaluating the sufficiency of the evidence in a criminal trial or whether we're evaluating the sufficiency of the evidence under the manifest way standard. I guess what I'm thinking is, let's say, I understand the situation we have here, but people aren't always truthful about what they're doing or they may say or do things to give someone the impression that they don't understand or they're not aware. So couldn't one view the evidence in that fashion when we are to look at it in the light most favorable to the state? I don't think so, no, Your Honor. There may be two reasons why. The first reason is that the deputy who personally observed Mr. Bell thought that there was something going on with him that was wrong. The deputy speculated that it was related to substance abuse, but there's no evidence of that and it doesn't really matter one way or the other. But the deputy who saw Mr. Bell, who was the only direct evidence that we have of what happened that day, he viewed him and said, you know, there's something wrong with this guy, there's something going on. I'm curious, what would the state have to, what additional evidence would the state have to present in order to establish knowing trespass here? Are you saying that it would have been incumbent on the state's witnesses to opine about the defendant's state of mind? Short of the defendant saying, yeah, I knew I couldn't be on the property, what would the state have to present in order to either sustain its burden of proving by a preponderance here on this revocation, or let's say it was just a straight up criminal information that he was being prosecuted on. The state would have to present some evidence establishing the defendant's state of mind beyond what we would have here? So under ordinary circumstances, Your Honor, if you had evidence that the defendant had been given an appropriate notice? Had been served, basically. But your argument is that because of his mental state, he didn't know he was there. So that seems to suggest that even if the state proved that we notified him, you know, he was to stay off this property, we gave him this notice he signed or whatever, it seems to me that your argument suggests that even if that were the case, because he was out of his mind, that he didn't know he was there. Is that your argument? Yes, it is your argument. It's that fact which changes it. As I was saying a moment ago, if he didn't have this information about his state of mind, it would be reasonable to draw an inference from the fact that he was given the notice, that he knew he wasn't allowed to be there. And it would be reasonable to infer that he knows where he was because when we go about everyday life, we know where we are. But in light of his state of mind, which was evidence that the court has to consider, it can't ignore, those inferences are not reasonable in and of themselves. So how would the state prove this charge? That it was knowing? To the extent that it was knowing, I guess the state has to come up with, it doesn't necessarily have to be Mr. Bell admitting that, oh yeah, no, I know I wasn't supposed to be here. But there does have to be evidence that at least gives rise to that inference beyond just sort of the ordinary, we presume that you remember. So what would that look like? A state's witness, the deputy opining about his lay opinion that this fellow knew what was going on around him? I mean, I just don't, I'm not understanding what this evidence looks like that you're saying was missing. I'm not trying to avoid the question, I'm just trying to think through it here. So aside from that, one thing that comes to mind is Mr. Bell does something in the parking lot that suggests that he knows he shouldn't be discovered there. Either he tries to evade being noticed by the officer, maybe he's hiding behind a car, something along those lines. So I don't think it has to be out of his mouth. But there does have to be something that gives rise to an inference about his knowledge at that time. Because knowledge is an essential element of the defense. It's not something that we can just always assume. In the ordinary case, we generally can just through ordinary experience. Well, in this case, the testimony, and we're assuming for the purpose of sufficiency of the evidence that it was admissible evidence, it was the bartender telling the deputy the defendant had been told he wasn't supposed to be there. That was sufficient then, according to the state, to establish knowledge. I haven't really talked about the sufficiency of that to prove the notice in the first place. So I do want to mention that because this is the inherent weakness of hearsay testimony. This is the difference between the live witness and the hearsay and how it makes a difference on the sufficiency of the evidence. It's like a game of telephone. We're not hearing what it was that the bartender actually said. We're hearing the deputy's interpretation of that. And when we have a situation where there's a bar, there's a parking lot, there might be other pieces of property, the fact that the deputy says that he was told that, it does not necessarily follow that Mr. Bell specifically warned not to be on the parking lot versus don't come back in the bar. Counsel, let me ask you this. With that information, what's relevant is the fact that the officer is advised that pursuant to establishing one of the elements of the cause, notice was given. Are you with me? So the officer knows notice was given. You talked about a situation where the defendant was trying to conceal himself in the parking lot. You all along have seemed to have accepted one interpretation of the mental state that somehow this defendant didn't know what was going on. But as Justice Holder White asked earlier, isn't there the possibility of this other interpretation that this defendant, knowing he's not to be there, he's acting oddly in the sense that he's trying to evade detection in the parking lot, doesn't that add credence to a different interpretation other than the one that you're putting forward to us that in fact potentially he's telling a story, trying to talk his way out of this circumstance? Well, like I said before, the deputy who's there observing didn't think he was telling a story. He thought there was something wrong with Mr. Bell. But my point goes to the trier of fact. And the trier of fact is welcome to accept either one of these interpretations. Well, the trier of fact can accept a reasonable interpretation. What's unreasonable about the interpretation that I've put forward? It's not only the one witness who was there and actually observed Mr. Bell testify, but also Mr. Bell's behavior in the sense of he's looking for his federal hand while he's trying to meet up with this person in the middle of the night. That's what he said when he knocked on someone's door. And also asked for a cigarette. And he asked for a cigarette. That's right. Well, I don't want to be the dead horse here. I think that my position on this, the court knows it. And so with my remaining time, I thought that I would just move on to discuss any questions the court might have about plain error, reversible error, or any other issues in the case. Well, how about the plain error aspect of the hearsay evidence here? I mean, pretty clearly, this is hearsay. Pretty clear, no objection was made to it. You've invoked in your brief plain error doctrine. So tell us, when it comes to closely balanced, how did the hearsay statements of Brown and Barnes impact on the outcome in this case? Well, we know the impact of the outcome, Your Honor, because the trial court expressed them in light on both of their statements. The trial court said... For this part of the analysis, the hearsay evidence, was there independent evidence supporting any of the three allegations of wrongdoing, either the attempt burglary, attempt theft, and criminal trespass to real property? Well, the criminal trespass to real property certainly answered that question. There wasn't independent evidence sufficient to establish that because you have to have the bartender's hearsay statement to even get close to it. Because without that, there's nothing about notice. You just have someone imparting it. Now, the state has argued in its brief that the deputy's testimony on its own was sufficient to establish that Mr. Belk committed an attempt at burglary or an attempt at theft. So the key elements here are going to be the specific intent to commit the offense, which are going to be the specific intent to enter a vehicle without authorization, and the specific intent to take cigarettes without authority. Now, what we have from the deputy is he asks Mr. Belk, you know, what are you doing with the vehicles? And Mr. Belk says, I'm trying to get a cigarette. What's missing here is that he doesn't say that I'm trying to steal one. He doesn't say, I'm trying to take one from this car and I don't know who it belongs to, but I don't care. He's just saying he's trying to get a cigarette. And that in and of itself is not criminal. But even if we assume that the deputy's testimony had been sufficient on its own, we still have plain error because the trial court doesn't rely on that. The trial court relies on the neighbor's statement that Mr. Belk is lifting up door handles or jiggling door handles. Well, where's the evidence that the defendant didn't have the authority to get into the vehicle? Exactly. There isn't evidence that he didn't have authority to get in the vehicle. That's exactly right, Your Honor. And that's why the deputy's testimony is insufficient. That's why the deputy's testimony plus the neighbor's testimony argued is so insufficient. So that's the end of the analysis there, right? For the attempted burglary attempt at. I think so, Your Honor. Thank you, Your Honor. As the court's aware, there are these complicated issues about what's the nature of the order? Is there jurisdiction? I don't think in the end it's going to make a difference because functionally we have a revocation. And we also have an imposition of sentence upon that. So whatever you call that, it's still a final judgment, which means that jurisdictionalizing this court under the New England Constitution has a direct appeal from a final judgment to serve your court. And since we're also only going after the revocation here, then obviously the revocation is reversed. The sentence gets reversed too in that sense. But the revocation order itself is independently appealed under Rule 604B. So despite all these complications, I think in the end it does not matter. Do we have to answer any questions the court has about that or anything else? I don't see any additional questions at this time. Thank you, Counsel. Thank you, Your Honor. Mr. Sardinus? Hey, this is the court. Good morning, Your Honors. Or good afternoon, Your Honors, Counsel. My name is Benjamin Sardinus, representing the Fourth District State Law Prosecutor's Office in this case. To begin with the court's permission, I'd like to kind of start with what both sides agree indisputably are the facts and law governing this case and what we disagree about. So I think that we'll want to focus on the side that is really the economic have-all and how this case should be reaffirmed or reversed. So first, we both agree that this court should employ the standards regarding a conventional and conditional discharge or revocation hearing to this, absent any of the concerns that both courts have brought up in the briefs regarding issues with jurisdiction and whatnot, which I haven't specifically argued, but I think both of us wanted to make sure that the court was aware that we have concerns with this because this procedure is a lot. We both agree that these facts are undisputed, not mere say in the small testimony of the facts I'm about to describe, that the deputy was testified at the hearing that he was called to the scene of 22474 Lake West Side Lane by Tony Brown, that the call reported that there was someone suspiciously trying to knock on doors and get into cars, that when the deputy arrived at the lane, the defendant was on the parking lot of the property walking away from the red Dodge truck, that at that point, the deputy and another deputy confronted the defendant and asked him what he was doing, and that he responded, but as you hear, they just let the jurors out and the federal organist come here to get my hand. When asked why the defendant was attempting to get into cars, the defendant replied that he was attempting to get a cigarette out of the car and push. We've also both agreed that the next set of facts I'm about to describe are hearsay, if used for the purpose of the truth of the matter, asserted, i.e., that it's hearsay, but that they aren't hearsay if they're used to narrate the course of the deputy's investigation before the court. And those facts are that after detaining the defendant in the backseat of the police vehicle, having unarrested him, the deputy walked to Mr. Brown's house, a neighbor, and the neighbor described that he had saw some people walking around his yard and that two of these people had left in a car. The defendant came to his door, knocked on his door, repeated the line about being a federal witness looking for his hand wear, and after the neighbor asked him to leave, he then said, where can I find a cigarette? And then Mr. Brown directed him to the tavern across the street, at which point, then through the blinds of his apartment, he saw a defendant walking onto the property with a red Dodge truck in question. And then after speaking with Mr. Brown... I have a question. So is that the only observation the neighbor made, him trying to get into one vehicle, or was it multiple vehicles? Your Honor, my recollection is that the call referenced several vehicles, but that Mr. Brown's observations to the deputy specifically were just the red Dodge truck in question. Okay, thank you. That was my recollection. After speaking with Mr. Brown, the deputy went across the street to the tavern and spoke with the bartender and informed him that the defendant had been told he was not allowed on the property at that time. So we agree on those facts in terms of what is a completely elusive or non-problematic hearsay evidence of what is hearsay if he was virtually unasserted. And we agree that... Okay, sorry, maybe I missed something. So you're saying that both sides agree that what the bartender said was not hearsay? If the bartender's testimony, if it's used for a true matter, certainly it would be hearsay, but it wouldn't be used to narrate the course of the investigation. Okay. So, okay, that's it. So that's then the nub of the case here as to whether or not this was inadmissible hearsay. Did the officer testify to statements made by Barnes and Brown that went to the substance of the offenses here as opposed to explanation of investigatory steps? So when Barnes says the defendant had been told several times not to be on the property, are you claiming that that was not inadmissible hearsay? If used for truth to prove. To prove that he had been told. Yes. And how does that advance the investigatory... an explanation as to the investigatory process? It appears to me that that is directly violative of the rules of evidence because that is the substance of the offense. That is one of the elements to be proven. The lack or the notice that the defendant is not to be on the property. Well, I think it goes to what we disagree about in the case, which is fundamentally what the use of hearsay is in the proceedings and what it can and can't establish. Can't establish a critical element? That's exactly what I was talking about. So the case law speaking towards the Lewis case and a number of cases that we reviewed is unclear as to whether or not hearsay can establish one element of several crimes and elements... Well, when a crime has several elements, whether or not hearsay can establish one of those elements because Lewis specifically dealt with only one person reading a statement of testimony into the record and that was the only thing that established that someone committed any kind of offense. So I think it's still an open question about whether or not the probation or conditional discharge hearing, one could prove one element of the crime if there's evidence supporting another element of the crime within the probation. So that depends on what this court can do and I think it is an open question. I don't think it's an open question. Hearsay is hearsay and it's not admissible to prove the substance of the matter, the truth of the matter asserted. The matter asserted is that he was told not to be here. If he has committed the crime of criminal trespass, you have to prove that he knows he's not supposed to be there, that he's there. I don't understand your argument at all. I mean, it would be a modification to the definition of hearsay to accept your argument that it's an open question. I mean, you're suggesting that if you prove one element of an offense that you can somehow prove another element using hearsay? Well, Your Honor, I think we were in a trial. That would absolutely be a ridiculous argument to advance it before the court. But considering the lack of the minimum standards of due process that are afforded defendants in the probation proceedings and the district court proceedings... Well, the primary difference is the burden of proof. It's preponderance of the evidence in the violation, whereas at a trial it's beyond a reasonable doubt. But I don't believe that there's a difference in terms of the admissibility of hearsay. Respectfully, Your Honor, I disagree with that, because if you look towards what... In what case is that based on? Well, Lewis specifically says that hearsay is, if it's unobjective to, is admissible in the sense that it can be brought before the court and it isn't automatically reversible error that it was raised in the court. And it's not competent to prove an entire offense. But again, Lewis dealt with a very specific issue, which was the fact that the entirety of the evidence was hearsay that was admitted. So I understand that the court might disagree with that synthesis and that if it does so... I disagree with how you're interpreting that. I don't think that's what the case means. Your Honor, I understand that that's an interpretation. I'm simply... What I was trying to do is simply lay out the two routes the court can do. The court and I agree with that argument that you can't establish one element of hearsay as long as other elements are established with non-hearsay. But the court disagrees with that, which is fine in that the state wasn't able to uncover a case where that just did happen. In circumstances where you can't do that, then we would see that the criminal trespass element is unprovable because the only evidence that we have that he does not allow him property that can be used with the truth of the matter asserted is the bartender's statements related to the officer, which is hearsay if you use it to prove that element. So we would see that the trespass, if the court was to interpret it that way, can't be proved without the testimony being used in that manner. But if the court does go down that route, then we would state that we can still prove the fact that Burton recharged us based on the back and forth between the deputy and the officer. So why would we even get to that point? Why wouldn't it? If that is the case, that there is no independent evidence supporting criminal trespass, why isn't it then remanded for a new hearing? Because, Your Honor, if the court were to prove on the other two charged crimes, then that wouldn't be an issue because you only have to prove one of the crimes that was charged in order to rule a conditional discharge. Because any crime that the defendant commits walks out on a conditional discharge. I see what you're saying. I'm sorry I misinterpreted or misunderstood what you were saying. So let's just say that that is the case. What is the evidence? Any evidence that a defendant was not authorized to access the inside of the vehicle? The defendant's own statement said he was trying to get into a vehicle, not his own vehicle. That's implicit. It doesn't have to be his own vehicle. He lived across the street from the tavern, right? I believe he did, yes, Your Honor. What established to whom the vehicle belonged? Nothing that was admitted other than the defendant's own statement and the defendant's observations. That was the only testimony that was given in the case. And so you're saying his statement was I was trying to get into somebody else's vehicle? He was trying to get into a vehicle and was referencing it as if it wasn't his own vehicle. How so? So if in the normal course of interactions with law enforcement, if one were to be leaving the parking lot in an area and an officer would say, hey, were you trying to... and you just left your car, and you said... and an officer was like, hey, why were you trying to get into that car? You wouldn't say, oh, I was just getting out of the car. You would say, that's my car. I was trying to... I just parked it and I left the vehicle. So the judge can make a factual determination out of that particular back and forth. And that conclusion is entitled to... Speculation. That's an incredible stretch, counsel. Yes, it is. I mean, Your Honor, I think that in light of all of the standards that are lowered in these kinds of proceedings, the facts that we're doing here, the court can determine that reasonably. And that that is entitled to weigh the demonstrated evidence standard and its conclusions that are drawn from that factual basis. And again, we don't have to prove that this is beyond reasonable doubt. We simply have to prove that it's more likely than not that it happened, which is a promise of evidence. Counsel, it sounds like you're conflating some case law that allows unobjected to inadmissible hearsay to come in for some purposes to come in for the purpose of proving essential elements. And that's something very different. And if you think about why the investigative steps of an officer, for example, is allowed, and then why an officer can't testify as to the substance of what those hearsay statements are, it's consistent. Because we're not talking about the root of the matter. We're talking about really setting the scene and why the officer's there and those types of things. Right, Your Honor. And I think... I've kind of laid out for the court what I think is the difference. If the court agrees that you can establish elements of unobjected to hearsay that's admitted, then, yes, we can't prove criminal trespass. I'm almost totally relying on the deputy's statements of defense response to the deputy for the purpose of proving the theft and burglary. But I've seen that if we can't use the bartender's statements to prove that he wasn't authorized to be on the property, that then that would mean we can't prove criminal trespass for those purposes because then the hearsay would be used, which wouldn't make much sense. So the officer's question, if the question was to elicit an answer as to whose vehicle it was, it would have been an unfully asked question because the question that you posed to us was something to the effect of why that vehicle. It didn't have anything to do with whether or not it was that person's vehicle, whether that person had authority to get cigarettes from that person's associate from that vehicle. There's a logical leap you're taking in both instances that don't tie up the argument and establish essential elements. Your Honor, I would disagree with that. I think that based on what the defendant said in response to him asking why he was trying to get into that vehicle, which is setting a scene. Why are you trying to get into that vehicle? If the vehicle was his vehicle, he would simply say that I was just trying to get into my car. My friend was just trying to get into my friend's car to get a cigarette. You're shifting the burden. I don't think I am, Your Honor. I think that I'm just drawing a factual conclusion out of the circumstances that are existing here. And that conclusion is entitled to wait. But there's nothing illegal about getting a cigarette out of a car, even of itself. If it's not the car that did it. That's true. So, I think... And that's the leap. I don't think it is a leap. I think it's just a conclusion out of that. And, you know, if the court rules that way... So, basically, you're saying that if the person doesn't say, I'm getting that... I'm trying to get a cigarette out of my car or I'm trying to get a cigarette out of my friend's car or my friend gave me permission to try to get a cigarette out of his car. Unless they say something along those lines, then it's a reasonable inference that they are committing theft from their vehicle. Yes, Your Honor. So, it's like circumstantial evidence. So, match words. Yes. And, again, this... You know, if we were in a beyond reasonable doubt argument, I would, of course, be laughed at and squirted with for saying that. Because, of course, there's a million different ways that we can prove ownership. But... And that it would be necessary to prove that beyond presumption. But here we're dealing with a promise. And we're dealing with a conclusion that a trial court made out of that evidence. It's entitled to manifest weight. And that's not... We see that if that's the conclusion the court does not want to draw, then, of course, we lose. But I think that there's support in the record to balance that, which makes it non-reasonable, which would then mean that the court would lose. So... We also concede the issue regarding Rule 472 that the defendant raised. And, you know, I mentioned Rule 472, so it should be remanded on in this issue. But the court doesn't have any further questions on this matter. I don't see it at this time. Thank you. Any rebuttal, Mr. Dow? Unless the court has any questions. I don't see any. Thank you, counsel. We'll take this matter under advisement and do a recess until the next case.